Suerae ROBERTSON, Appellant,

v.

CHURCH OF GOD, INTERNATIONAL, Appellee.

No. 12–96–00083–CV.

Court of Appeals of Texas, Tyler.

Aug. 29, 1997.

Rehearing Overruled Dec. 22, 1997.

John C. Osborne, Houston, for appellant.

James Shelby Sharpe, Fort Worth, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HADDEN, Justice.

This is an appeal of a summary judgment granted in favor of the Church of God, International, in a negligent hiring and retention case. Appellant, Suerae Robertson, ("Robertson") filed suit against Garner Ted Armstrong ("Armstrong") and the Church of God, International ("the Church") seeking compensation for personal injuries which she alleged were sustained when she was sexually assaulted by Armstrong. The Church filed a motion for summary judgment claiming that it was not liable for Robertson's injuries because Armstrong's alleged conduct was performed in his individual capacity, and not on behalf of the Church. The trial court granted the summary judgment and severed the

action against the Church from the action against Armstrong. On appeal, Robertson assigns three points of error. We will affirm.

## BACKGROUND

From the summary judgment evidence, it appears that Robertson was in business as a massage therapist, and Armstrong was employed as a minister of the Church. On March 31, 1995, Armstrong responded to a newspaper ad and began to patronize Robertson's massage therapy parlor, stating that he needed therapy because he spent many hours driving his car. These therapy sessions continued biweekly until July 15, 1995. During these sessions, their conversation included religion, Armstrong's employment as a minister, and discussions of the Church's teachings. Armstrong shared his beliefs with Robertson and stated that Robertson should come and join the Church.

On July 4, 1995, during a scheduled therapy session at Robertson's place of business, Armstrong allegedly became aggressive toward Robertson. She alleged that Armstrong grabbed her hands and placed them on his genitals. He also grabbed her breasts and vagina. Robertson broke away from Armstrong and hid until he left the premises. Later, Armstrong called Robertson to apologize for his conduct, and requested that the therapy sessions continue. Robertson agreed and set up an appointment for July 15, 1995. Again, Armstrong allegedly became aggressive and assaulted Robertson in a similar manner as before. Robertson again resisted, and was able to leave the room. Armstrong then left the premises and no further massage therapy sessions were scheduled.

In her suit, Robertson alleged that she received injuries to her body and her health, was psychologically impaired, and suffered egregious embarrassment, humiliation, and mental anguish. Robertson sought actual and exemplary damages from the Church, as well as from Armstrong. She alleged that Armstrong had a history of sexual indiscretions which were known by the Church, that the Church was negligent in hiring and continuing the employment of Armstrong, and

that such negligence was a proximate cause of the sexual assaults and her injuries.

## THE SUMMARY JUDGMENT

In its motion for summary judgment, the Church alleged that there were no disputed material issues of fact as to any alleged cause of action against the Church and that the summary judgment proof established that the Church was entitled to judgment as a matter of law. The motion further stated that Robertson had never been a member of the Church; that she had never attended services or received any ministry from the Church; that she had never made any contributions to the Church; that the alleged assaults occurred at Robertson's place of business where Armstrong was seeking personal services from her for his own benefit; and that at no time did Armstrong have contact with Robertson on behalf of the ministry of the Church.

Included in the Church's summary judgment proof was an affidavit by Benny L. Sharp, an officer of the Church, which states that at no time was Armstrong sent to visit Robertson on behalf of the Church; that Robertson was not a member of the Church and had never attended any service or meeting of the Church; that Robertson had never made a contribution to the Church; and that the contacts Armstrong had with Robertson were for his own personal benefit. Also included in the summary judgment evidence was Armstrong's affidavit, which states that all of the contacts he had with Robertson were for the purpose of receiving her professional services as a massage therapist, and that he never had any contact with her on behalf of the Church. Armstrong further stated that at no time had Robertson sought or received counseling from him as pastor of the Church, and that she had never attended any service or ever been on the grounds of the Church.

In her response to the motion for summary judgment, Robertson first argued that summary judgment was not proper since the Church relied upon the affidavits of interested parties to sustain the Church's burden, and that such affidavits do not constitute credible summary judgment proof. Second-

ly, Robertson asserted that fact issues remained regarding her claims. She presented three affidavits as summary judgment evidence. The first affidavit was by John Tuit, a former member of the Church and a former member of the World Wide Church of God, a church to which Armstrong formerly belonged. Tuit stated that he had extensive knowledge as to Armstrong's reputation within the two churches, and that Armstrong had a reputation for engaging in repeated sexual indiscretions with female members while he was affiliated with the World Wide Church of God. Tuit stated that it was well known that Armstrong visited massage parlors and that Armstrong was disfellowshipped from the World Wide Church of God as a result of his sexual indiscretions. He stated that the Church was well aware of Armstrong's reputation of sexual indiscretions, but nevertheless chose him to be a minister. He stated that Armstrong's reputation for sexual indiscretions continued while he was an employee of the Church.

Robertson also presented the affidavit of Fred Coulter, a former member of the World Wide Church of God, who knew Armstrong personally. Coulter stated essentially the same facts as alleged in Tuit's affidavit regarding Armstrong's reputation for sexual indiscretions which was known by the Church.

The third affidavit was Robertson's own statement. She stated that although Armstrong displayed some bizarre behavior at the therapy sessions, she continued to allow him to be a customer because she was impressed with the fact that he was a minister of the Church. In her affidavit, she detailed the two alleged sexual assault episodes which took place in July 1995. She related how she and Armstrong had discussed religion and the teachings of the Church, and that Armstrong invited Robertson to join the Church. Robertson also included a copy of the bylaws and constitution of the Church in her summary judgment evidence.

In its order granting the Church's motion for summary judgment, the trial court made a specific finding that the Church was not vicariously liable. That portion of the order reads as follows:

... The court, after reviewing the motion, the summary judgment evidence in support of it, the response of plaintiff and the summary judgment evidence in support of it, finds that there are no disputed material issues of fact; that the defendant, Church, is not vicariously liable for the alleged intentional torts of defendant, Garner Ted Armstrong; that the motion should be granted ...

Thus, it appears that the court did not make a specific finding relative to Robertson's claim against the Church for negligent hiring and continuing the employment of Armstrong.

### STANDARD OF REVIEW

The standard of appellate review of a summary judgment for a defendant is whether the summary judgment proof establishes, as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970). The movant has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548–49 (Tex.1985). Evidence favorable to the nonmovant will be taken as true in deciding whether there is a disputed material fact issue that precludes summary judgment. *Id.* Every reasonable inference must be indulged in favor of the nonmovant and any doubt resolved in her favor. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). A summary judgment for the defendant disposing of the entire case is proper only if, as a matter of law, the plaintiff could not succeed upon the theory plead. *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983). Once the defendant produces sufficient evidence to establish the right to a summary judgment, the plaintiff must set forth sufficient evidence to give rise to a fact issue to avoid a summary judgment. *"Moore" Burger, Inc. v. Phillips Petroleum Co.,* 492 S.W.2d 934, 936–37 (Tex. 1972).

### POINTS OF ERROR ONE AND THREE

In her first point of error, Robertson asserts that the trial court erred in granting

the summary judgment because the court's judgment was based upon its ruling that Robertson could not recover under a theory of vicarious liability, which was not a cause of action pled by Robertson. In her third point of error, Robertson contends that the trial court erred in ruling for the Church on a theory of vicarious liability because such theory was never presented in the Church's motion for summary judgment. We will address these two points together.

■ It is clear from her Original Petition and her First Amended Original Petition that Robertson did not claim that the Church was vicariously liable under the doctrine of *respondeat superior*. Rather, Robertson sought to hold the Church liable because of its own negligence in hiring and continuing to employ Armstrong. Texas recognizes theories of recovery for negligent hiring and negligent employment which are akin to the doctrine of negligent entrustment of an automobile. *Deerings West Nursing Center v. Scott,* 787 S.W.2d 494 (Tex.App.—El Paso 1990, writ denied). The basis of responsibility under the doctrine of negligent hiring is the master's own negligence in hiring or retaining an incompetent servant whom the master knows, or by the exercise of reasonable care should have known, was incompetent or unfit. *Arrington's Estate v. Fields,* 578 S.W.2d 173, 178 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.). Robertson has alleged such a cause of action. In her First Amended Original Petition, Robertson alleged as follows:

> The foregoing hiring and continued employment of Garner Ted Armstrong by the Church of God, International, was negligence, constituted negligence and gross negligence, and was a proximate cause of the accident[sic] made the basis of this suit, of the injuries suffered by plaintiff, and of the damages sustained by her as a result thereof.

■ Nevertheless, the trial court granted summary judgment on a vicarious liability theory. Thus, it appears that the trial court may have committed error in granting summary judgment on a cause of action that was not pled; however, reversal is not necessarily warranted upon such error. The Supreme Court has held that appellate courts, in the interest of judicial economy, may consider other grounds that the movant has reserved for review and the trial court did not rule on. *Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 626 (Tex.1996). We must be mindful, however, that a summary judgment cannot be affirmed on any grounds not presented in the motion for summary judgment. *Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 912 (Tex.1997); *McConnell v. Southside Ind. School Dist.,* 858 S.W.2d 337, 341 (Tex.1993); *see* TEX.R.CIV.P. 166a(c) ("The motion for summary judgment shall state the specific grounds therefor."). Since Robertson alleged that her damages were caused by the Church's negligent hiring and employment of Armstrong, the question which we must address is whether the Church, in its motion for summary judgment, asserted and proved that there is no genuine issue of fact as to any essential element of the cause of action of negligent hiring and employment.

■ The elements of a negligent cause of action are a duty, a breach of that duty, and damages proximately caused by the breach of duty. *Doe v. Boys Clubs of Greater Dallas,* 907 S.W.2d 472, 477 (Tex.1995); *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990); *El Chico Corp. v. Poole,* 732 S.W.2d 306, 311 (Tex.1987). Assuming without deciding that the Church owed a duty to Robertson to exercise reasonable care in hiring and employing Armstrong and that it breached that duty by ignoring Armstrong's history of sexual indiscretions, we focus on the issue of whether the Church's negligent hiring and employment proximately caused the injuries Robertson alleges. One of the components of proximate cause is cause in fact. *Travis v. City of Mesquite,* 830 S.W.2d 94, 98 (Tex.1992).

■ In the instant case, the Church alleged in its motion for summary judgment that Robertson was never a member of the Church; that she never attended any service or received the ministry of the Church; that she never made any contributions to the Church; that all conduct forming the basis of her claims occurred at Robertson's place of business; that Armstrong was seeking per-

sonal services from Robertson for his own benefit; and that at no time did Armstrong have contact with Robertson on behalf of the ministry of the Church. Although the words "proximate cause" or "cause in fact" were not used, it is apparent that the theory advanced by the Church in its motion for summary judgment was that Armstrong's patronage of the massage parlor and his contacts with Robertson were not on behalf of the Church and that there was no connection between the alleged negligent hiring and the ultimate alleged tortious acts of Armstrong. The Church's motion concentrates on the assertion that Armstrong's conduct was personal and without any connection to his employment. Thus, we hold that the Church's motion for summary judgment included the assertion that the Church's negligent hiring was not the proximate cause of Robertson's injuries, and this assertion, along with the support of summary judgment evidence more fully discussed in point two, is sufficient to support the trial court's judgment. Therefore, points of error one and three are without merit, and are overruled.

### POINT OF ERROR TWO

■ In her second point of error, Robertson asserts that the court erred in ruling that there are no disputed material facts as to the negligent hiring and employment of Armstrong because the Church failed to include any summary judgment evidence regarding such issues. Robertson asserts that the only proof which the Church has submitted are the two affidavits of Sharp and Armstrong, both of whom are employees of the Church and interested parties. Robertson argues that this summary judgment proof falls short of meeting the Church's burden of negating Robertson's cause of action for negligent hiring. We do not agree. Rule 166a of the Texas Rules of Civil Procedure states:

> "A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, ... if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." TEX.R.CIV.P. 166a(c).

Having examined the affidavits of Sharp and Armstrong, it appears that the testimonial evidence presented by them is clear, positive and direct, is credible and free from contradiction and inconsistencies. It further appears that their testimony may have been readily controverted by Robertson through further discovery proceedings from officers and employees of the Church focusing on Armstrong's job description, duties, and responsibilities as a minister of the Church, all of which may have contradicted the personal aspect of Armstrong's visit to Robertson's massage parlor. If Robertson had discovered that Armstrong had visited the massage parlor as part of his duties as a minister of the Church, a genuine issue of fact may have been raised on the issue of proximate cause. Thus, we conclude that the summary judgment evidence presented by the Church comports with the requirements of TEX.R.CIV.P. 166a(c).

■ Next, we will address whether there remains a genuine issue of fact regarding the element of proximate cause. While liability for negligent hiring and supervision is not dependent upon a finding that the employee was acting within the course and scope of his employment when the tortious act occurred, *Dieter v. Baker Service Tools*, 739 S.W.2d 405, 408 (Tex.App.—Corpus Christi 1987, writ denied), there is no question that there must be some connection between the plaintiff's injury and the fact of employment. One who retains the services of another has a duty to investigate the background of that individual for fitness for the position, to remain knowledgeable of that fitness and is liable if another person is injured in some manner *related to his employment* because of a lack of fitness. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472 (Tex.1995); *Missouri K. & T. Ry. Co. of Texas v. Day*, 104 Tex. 237, 136 S.W. 435, 440 (1911); *Texas & P. Ry. Co. v. Johnson*, 89 Tex. 519, 35 S.W. 1042 (1896); *Dieter*, 739 S.W.2d at 408.

The summary judgment evidence of the Church establishes that the contacts which Armstrong had with Robertson were personal in nature and were not made on behalf of the Church. In response, Robertson argues

that Armstrong was "ministering" to her on behalf of the Church because they discussed religion, Armstrong's role as a minister, the beliefs of the Church, and his invitation to Robertson to join the Church. She further argues that the by-laws and constitution established that the Church expects its ministers to recruit new members and that Armstrong's contacts with Robertson were as an "agent" of the Church. She concludes that this summary judgment evidence proves that the negligent hiring of the Church resulted in her injuries. We cannot agree.

First, the affidavits of Tuit and Coulter may have established a genuine issue of fact in regard to whether the Church breached its duty of care, but the affidavits contain no evidence that would connect its breach of duty to the alleged assault by Armstrong and the resulting injuries to Robertson. Secondly, Robertson's affidavit confirms that Armstrong's stated purposes for his visits to the massage parlor were to receive personal physical therapy. She relates how they discussed religion, the Church, and that she was invited to join the Church, but it is not plausible to conclude that merely discussing one's occupation and employer while on personal business furnishes a connection between the employer's negligent hiring and the assaultive conduct of the employee. There simply must be more. Robertson's response to the motion for summary judgment failed to present evidence showing what the Church did in furtherance of its ministry and which brought about a connection between Robertson and Armstrong on the occasion in question. Cause in fact cannot be established by mere conjecture, guess, or speculation. *McClure v. Allied Stores of Texas., Inc.,* 608 S.W.2d 901, 903 (Tex.1980). The test for cause in fact is whether the negligent act or omission was a substantial factor in bringing about the injury without which the harm would not have occurred. *Prudential Ins. Co. v. Jefferson Associates, Ltd.,* 896 S.W.2d 156, 164 (Tex. 1995). Cause in fact is not shown if the defendant's negligence did no more than furnish a condition which made the injury possible. *See Bell v. Campbell,* 434 S.W.2d 117, 120 (Tex.1968). In other words, even if the injury would not have happened but for the

defendant's conduct, the connection between the defendant and the plaintiff's injuries simply may be too attenuated to constitute legal cause. *Doe v. Boys Clubs of Greater Dallas,* 907 S.W.2d at 478; *Union Pump v. Allbritton,* 898 S.W.2d 773, 776 (Tex.1995); *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 472 (Tex.1991).

Moreover, our reading of the by-laws and the constitution of the Church submitted by Robertson does no more than show that lay-members may be agents of God. It is silent regarding its ministers' duties and responsibilities in behalf of the Church. We also note that the by-laws and constitution of the Church makes the following statement regarding proselytizing:

> ... the Church believes it is only possible for those actually being called of God to be convicted at this time, and believing this, does not engage in insistent, determined proselytizing, or "membership drives" whatever ...

This provision is not supportive of Robertson's contention, and it thus appears that the by-laws and constitution furnish no support that a genuine issue of fact remains in the case.

The Corpus Christi court of appeals in *Dieter* discussed several cases from other jurisdictions and concluded that in order to impose liability upon an employer under the doctrine of negligent hiring, there must be evidence that the plaintiff's injuries were brought about by reason of the employment of the incompetent servant and be, in some manner, job-related. *Dieter,* 739 S.W.2d at 408. In reaching this conclusion, the court stated that "the negligence in hiring the employee must be the proximate cause of the injuries to the plaintiff. *See Bates v. Doria,* 150 *Ill.*App.3d 1025, 104 Ill.Dec. 191, 502 N.E.2d 454 (1986); *Henley v. Prince George's County,* 60 Md.App. 24, 479 A.2d 1375 (1984); *Plains Resources, Inc. v. Gable,* 235 Kan. 580, 682 P.2d 653 (1984); *Welsh Mfg. v. Pinkerton's, Inc.,* 474 A.2d 436 (R.I. 1984); *Gregor v. Kleiser,* 111 Ill.App.3d 333, 67 Ill.Dec. 38, 443 N.E.2d 1162 (1982); *Di Cosala v. Kay,* 91 N.J. 159, 450 A.2d 508 (1982); *Evans v. Morsell,* 284 Md. 160, 395

A.2d 480 (1978). 'Were such a connection not required, an employer would essentially be an insurer of the safety of every person who happens to come into contact with his employee simply because of his status as an employee.' *Bates v. Doria,* 104 Ill.Dec. at 195, 502 N.E.2d at 459." *Dieter,* 739 S.W.2d at 408.

None of the summary judgment evidence submitted by Robertson demonstrates a connection between the alleged negligent hiring and the injuries she received. Robertson's argument furnishes no basis to conclude that the negligent hiring was a substantial factor in bringing about the injury without which the harm would not have occurred. *See Prudential Ins. Co.,* 896 S.W.2d at 164. Indeed, it would be imprudent to hold the Church liable for Armstrong's conduct merely because he and Robertson discussed religion, his role as a minister and his beliefs, and invited her to come to the Church, all in the context of visiting the massage parlor for purely personal reasons. Otherwise, the Church would be an insurer of the safety of every person who happens to come in contact with Armstrong simply because of his status as an employee.

In conclusion, the summary judgment evidence presented by the Church supported the summary judgment granted by the trial court on the grounds that the alleged negligent hiring of Armstrong was not the cause in fact of Robertson's injuries. Robertson failed to present summary judgment evidence establishing cause in fact. Thus, we hold that no genuine issue of fact exists as to an essential element of Robertson's cause of action against the Church, and that the Church is entitled to judgment as a matter of law. Point of error number two is overruled.

The judgment of the trial court is affirmed.

## JUDGMENT

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being inspected, it is the opinion of this Court that there was no reversible error in the trial court's judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below is **in all things affirmed.** It is FURTHER ORDERED that Appellant, SUERAE ROBERTSON, as principal, and OLD REPUBLIC SURETY COMPANY, as surety on Appellant's appeal bond, pay all costs incurred by reason of this appeal; and that this decision be certified to the court below for observance.