OPINION HEADING PER CUR 







                     NO. 12-03-00310-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


DWAYNE LYNCH, KAREN LYNCH,
INDIVIDUALLY AND NEXT FRIEND          §     APPEAL FROM THE 294TH
OF JUSTIN LYNCH,
APPELLANTS

V.                                                                         §     JUDICIAL DISTRICT COURT OF

PRUITT BAPTIST CHURCH
AND KEVIN FLOWERS,                                  §     VAN ZANDT COUNTY, TEXAS
APPELLEES




MEMORANDUM OPINION
            Dwayne and Karen Lynch, individually and as next friend of Justin Lynch, appeal from a
directed verdict in favor of Pruitt Baptist Church. In one issue, the Lynches claim that the trial court
erred in granting the directed verdict. We affirm.

Background
            On August 21, 2002, Kevin Flowers, the Church’s youth minister, organized a back-to-school
activity for the Church’s teenagers, which included a game of “capture the flag.” During this game,
played in a church member’s hay pasture, fifteen-year-old Justin Lynch broke his neck while trying
to take the flag from two boys, ages sixteen and thirteen, who were holding onto the flag and
carrying it toward their team’s base. The Lynches sued Flowers for negligence alleging that he failed
to exercise due care when he 1) planned the “capture the flag” activity, 2) set the rules and chose the
game to be played, 3) failed to properly monitor and supervise the playing of the game, and 4) failed
to ensure the safe and orderly playing of the game. The Lynches also sued the Church for negligence
alleging that it had 1) failed to use due care in organizing activities that would be safe for the
teenagers, 2) failed to use due care in establishing the parameters and rules of the youth activities in
question, 3) failed to properly supervise and monitor the youth activities, and 4) failed to properly
instruct and supervise Flowers and others in charge of the activities. 
            Trial was before a jury. During the charge conference, the trial court granted a directed
verdict for the Church. The jury then found Flowers was not negligent. The trial court thus entered
a take-nothing judgment against the Lynches. This appeal followed.

Directed Verdict
Standard of Review
            A directed verdict is proper when 1) a defect in the opponent’s pleadings make them
insufficient to support a judgment, 2) the evidence conclusively proves a fact that establishes a
party’s right to judgment as a matter of law, or 3) the evidence offered on a cause of action is
insufficient to raise an issue of fact. Koepeke v. Martinez, 84 S.W.3d 393, 395 (Tex. App.–Corpus
Christi 2002, pet. denied). “It is the duty of the trial court to instruct a verdict, though there be slight
testimony, if its probative force is so weak that it only raises a mere surmise or suspicion of the
existence of a fact sought to be established.” Allsup’s Convenience Stores, Inc. v. Warren, 934
S.W.2d 433, 437 (Tex. App.–Amarillo 1996, writ denied) (citing Joske v. Irvine, 91 Tex. 574, 44
S.W. 1059, 1063 (1898)). 
            In reviewing the granting of a directed verdict on an evidentiary basis, the appellate court
must determine whether there is any evidence of probative force to raise a fact issue on the material
questions presented. Szczepanik v. First S. Trust Co., 883 S.W.2d 648, 649 (Tex. 1994). The court
must consider all of the evidence in the light most favorable to the party against whom the verdict
was instructed, disregarding all contrary evidence and inferences and giving the losing party the
benefit of all reasonable inferences created by the evidence. Id. If there is no evidence of probative
force supporting any theory of recovery, then the court may enter a directed verdict. See id. 
Applicable Law
            The common law doctrine of negligence consists of three elements: 1) a legal duty owed by
one person to another; 2) a breach of that duty; and 3) damages proximately resulting from the
breach. Greater Houston Transp. Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990). The plaintiff
must establish both the existence and the violation (breach) of a duty owed to the plaintiff by the
defendant to establish liability in tort. Id. Additionally, an employer, such as the Church in this
case, may be vicariously liable for the tortious acts of its employee under the doctrine of respondeat
superior. Verinakis v. Medical Profiles, Inc., 987 S.W.2d 90, 97 (Tex. App.–Houston [14th Dist.]
1998, pet. denied). Respondeat superior imposes liability on the employer when the negligence of
its employee, acting in the scope of his employment, is the proximate cause of another’s injury. Id.
            A claim of negligent hiring and supervision, on the other hand, is based on an employer’s
direct negligence instead of the employer’s vicarious liability for the torts of its employees. Id. One
who retains the services of another has a duty to investigate the background for the fitness for the
position and to remain knowledgeable of that fitness. Robertson v. Church of God Int’l, 978 S.W.2d
120, 125 (Tex. App.–Tyler 1997, pet. denied). The employer is liable if another person is injured
in some manner related to his employment because of lack of fitness. Id. 
Breach of Duty
            The Lynches’ claims of negligence against Flowers and the Church were the same with the
exception of the negligent supervision claim against the Church.


 The Church would be liable under
the doctrine of respondeat superior for any negligence of Flowers that resulted in Justin’s injury. 
Verinakis, 987 S.W.2d at 97. Consequently, we focus solely on the claim that the Church
negligently supervised Flowers, thereby breaching its duty to Justin. See id. We will therefore
review the record to determine if there was any probative evidence that the Church breached its duty
in supervising Flowers. 
            David McNary, the Church’s pastor, told the jury that he had hired Flowers to be the
Church’s youth minister in September 1997. McNary testified that he had carefully checked the
references for Flowers and the training he had received in preparation to be a church youth minister. 
Flowers received his training at East Texas Baptist University in Marshall where he had been
instructed on providing recreational activities for teenagers. Part of this training focused on
providing a safe environment for church youth activities. During the three years while Flowers was
youth minister for the Church, he continued his training to improve his performance as a youth
minister. McNary testified that Flowers did an outstanding job as youth minister for the Church. 
Further, he explained that Flowers regularly supervised games and other recreational activities for
the Church teenagers. 
            The Lynches conceded during their testimony that Flowers had been a good youth minister
for the Church. All of the other witnesses at trial testified to the good job that Flowers did in
handling all of his responsibilities as a youth minister. The record does not include any negative
testimony regarding the job Flowers was doing prior to August 21, 2000 or the Church’s supervision
of him in his responsibilities as its youth minister. We hold that there was no evidence to raise a fact
issue that the Church had negligently supervised Flowers. The trial court properly granted the
Church’s motion for directed verdict.

Conclusion
            Because there was no evidence to support the allegation that the Church had negligently
supervised Flowers, the trial court properly granted its motion for directed verdict. Therefore, we
overrule the Lynches’ sole issue and affirm the trial court’s judgment.
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice

Opinion delivered March 31, 2005.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.




(PUBLISH)