**Andre' Cornell BLANKS, Appellant,**

v.

**LIBERTY MUTUAL FIRE INSURANCE COMPANY, Elizabeth Pharr, and James Thayer a/k/a Jim Thayer, Appellees.**

No. 05–05–01267–CV.

Court of Appeals of Texas, Dallas.

June 26, 2006.

Rehearing Overruled July 28, 2006.

Andre' Cornell Blanks, Arlington, pro se.

Scott Douglas Nader, Sedgwick, Detert, Moran & Arnold LLP, Dallas, for Appellees.

Before Justices WHITTINGTON, BRIDGES, and RICHTER.

## OPINION

Opinion by Justice BRIDGES.

Andre' Cornell Blanks appeals the trial court's summary judgment in favor of Liberty Mutual Fire Insurance Company, Elizabeth Pharr, and James Thayer a/k/a Jim Thayer. Without setting forth issues for this Court's review, Blanks appears to argue generally that the trial court erred in entering its summary judgment against him. We affirm the trial court's judgment.

The underlying case apparently arose out of Blanks' dissatisfaction with Liberty Mutual's handling of his claims for injuries sustained in the workplace. It appears Liberty Mutual provided worker's compensation insurance to UPS, Blanks' employer. Blanks filed three different claims with the Texas Worker's Compensation Commission (TWCC) and later sought judicial review of the TWCC orders in district court. The case was subsequently transferred to the 68th District Court, which granted Liberty Mutual's no-evidence motion for summary judgment. This appeal followed.

■■■ The law is well established that, to present an issue to this Court, a party's brief shall contain, among other things, a concise, nonargumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contention made with appropriate citations to authorities and the record. TEX.R.APP. P. 38.1; McIntyre v. Wilson, 50 S.W.3d 674, 682

(Tex.App.-Dallas 2001, pet. denied). Bare assertions of error, without argument or authority, waive error. See Sullivan v. Bickel & Brewer, 943 S.W.2d 477, 486 (Tex.App.-Dallas 1995, writ denied); see also Fredonia State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994) (appellate court has discretion to waive point of error due to inadequate briefing). When a party fails to adequately brief a complaint, he waives the issue on appeal. Devine v. Dallas County, 130 S.W.3d 512, 514 (Tex.App.-Dallas 2004, no pet.); Howell v. T S Commc'ns, Inc., 130 S.W.3d 515, 518 (Tex.App.-Dallas 2004, no pet.).

■■■ Blanks sets forth no issues for this Court's review. Instead, Blanks' brief consists of a series of factual assertions and inarticulate complaints. For example, under the heading "Damages are Recoverable Here," Blanks makes the following unsupported assertions:

> Liberty Mutual Fire Insurance Company, Elizabeth Pharr and James Thayer et & al by failing to disclose under TWCC ALJ Subpoena committed Insurance Fraud, Misconduct, Negligence, bad faith, discriminated, violated the Texas Insurance Code, Texas Labor Code, Deceptive Trade Practices Act, Federal, State, Local and TWCC administrative penalties claims asserted in Plaintiff original complaint erroneously dismissed by 95th Honorable Judge Karen Johnson due to the taint/bad faith presented. Entitles Appellate Blanks to trembling of the damages, negligence, punitive, actual, economical, statutory and all other relief the Court finds him so entitled.

> Appellate is also entitled to recover under the Texas Insurance Code all monies pertaining to Dr. Pablo Espana's award

of a 14% impairment rating not otherwise investigated paid or denied to this date.

In sum, Blanks has failed to provide us with argument, analysis, or authorities that make his appellate complaints viable. *See Howell,* 130 S.W.3d at 518. By failing to adequately brief his complaints, Blanks has waived our review of his complaints. *See Sullivan,* 943 S.W.2d at 486 (concluding appellant had waived points not supported by argument and authority). To the extent Blanks challenges the trial court's order granting Liberty Mutual's no-evidence motion for summary judgment, the record shows Blanks responded to Liberty Mutual's motion for summary judgment motion with his own "summary judgment" and did not file a response. Blanks' "summary judgment" is similar to his brief on appeal in that it makes no clear arguments, supported by citations to authority. Because, under rule 166a(i), the court must grant a no-evidence motion for summary judgment unless the respondent produces summary judgment evidence raising a genuine issue of material fact, the trial court properly granted Liberty Mutual's motion when Blanks failed to produce evidence in response. *See* Tex.R. Civ. P. 166a(i).

Blanks also appears to complain that the trial court erred in granting appellee's motion for partial summary judgment in March 2004 and subsequently granting appellee's no-evidence motion for summary judgment in August 2005. The record reflects that the trial court granted partial summary judgment in March 2004 on Blanks' extra-contractual claims against Liberty Mutual, including bad faith and fraud claims and claims under the Americans with Disabilities Act. In July 2005, Liberty Mutual filed its motion for no-evidence summary judgment on Blanks' appeal from the TWCC decision. As we have already concluded, the trial court properly granted Liberty Mutual's motion when Blanks failed to produce evidence in response. *See* Tex.R. Civ. P. 166a(i).

We affirm the trial court's judgment.