**CoTEMP, INC., Appellant,**

v.

**HOUSTON WEST CORP., Appellee.**

No. 14–05–01209–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 13, 2007.

Rehearing Overruled April 12, 2007.

Eugene J. Pitman, Houston, for appellants.

Amanda Leigh Richards, Richmond, Elton Raymond Mathis, Hempstead, Libby King, Richmond, for appellees.

Panel consists of Justices EDELMAN, FROST, and SEYMORE.

## PLURALITY OPINION

CHARLES W. SEYMORE, Justice.

Appellant, CoTemp, Inc., appeals from the trial court's judgment in favor of appellee, Houston West Corp., on its negligent retention claim and from an award of attorney ad litem fees. We affirm.

## I. BACKGROUND

Houston West contracted for the installation of two air-conditioning units at its truck stop in Brookshire, Texas. Bob Robertson, an employee in CoTemp's service department, submitted a written proposal to Kerry Ruth, Houston West's owner, providing details of the work to be performed as well as an estimate of costs.[1] The written proposal, which reflected the names of Bob Robertson and CoTemp, Inc. at the top and bottom of the page, was signed and accepted by Ruth.

During the course of the truck stop project, Robertson wore a CoTemp uniform, drove a CoTemp van, and spoke with Ruth on the cellular phone issued to him by CoTemp as well as on CoTemp's business line. The individuals who worked on the job also wore CoTemp uniforms. Several months into the project, the work stopped. Ruth made numerous attempts to contact Robertson regarding completion of the project but to no avail. Consequently, Ruth contracted with another company to complete the project and later filed a complaint against CoTemp and Robertson with the Texas Department of Licensing and Regulation.

Houston West subsequently filed suit alleging breach of contract and fraud against CoTemp and Robertson, and a negligent retention claim against CoTemp. CoTemp answered and asserted a counterclaim of libel against Houston West. During the course of pre-trial discovery, Houston West learned Robertson, while employed by CoTemp, had contracted to perform "side jobs" in his own name on two previous occasions, in violation of company policy. However, after being paid

---

1. Robertson, in his capacity as a CoTemp employee, had previously performed an air conditioning installation job at Ruth's home.

for the work, Robertson never completed the projects. When CoTemp discovered these side jobs, Robertson was reprimanded and required to make restitution to the parties involved.

At the conclusion of trial, the jury found that: (1) Robertson had breached his contract with Houston West; (2) CoTemp and Robertson had committed fraud against Houston West; (3) CoTemp had negligently retained Robertson; and (4) Houston West had not engaged in libel against Co-Temp. Based on Houston West's election to recover the damages awarded on its negligent retention claim,[2] the trial court entered judgment awarding Houston West $36,358.00 in damages, plus $4,544.74 in pre-judgment interest. The trial court also ordered CoTemp to pay $3,030.00 in attorney's fees to the court-appointed attorney ad litem representing Robertson's unknown heirs.[3]

## II. NEGLIGENT RETENTION

In its first, second, and third issues, CoTemp argues that the evidence is legally and factually insufficient to support the judgment in favor of Houston West on its negligent retention claim. In analyzing a legal-sufficiency challenge, we must consider evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. See City of Keller v. Wilson, 168 S.W.3d 802, 821 (Tex.2005). We must credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. Id. at 827. We must determine whether the evidence at trial would enable reasonable and fair-minded people to find the facts at issue. See id. The factfinder is the sole judge of the credibility of the witnesses and the weight of the evidence. See id. at 819.

When reviewing a challenge to factual sufficiency of the evidence, we examine the entire record, considering both the evidence in favor of, and contrary to, the challenged finding. See Cain v. Bain, 709 S.W.2d 175, 176 (Tex.1986). After considering and weighing all of the evidence, we set aside the fact finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. See Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex.1986); Cain, 709 S.W.2d at 176.

Specifically, CoTemp contends: (a) the evidence is legally and factually insufficient to support the jury's finding that CoTemp owed a duty to Houston West; (b) the evidence is legally and factually insufficient to support finding CoTemp's alleged negligence was the proximate cause of Houston West's injury; and (c) there is no evidence Robertson committed an actionable tort against Houston West and Houston West suffered a physical injury as a result of Robertson's tortious conduct. In contrast, Houston West asserts that upon learning of the side jobs for which Robertson was paid but never com-

2. Although the record is silent as to the cause of action upon which Houston West elected to recover, counsel indicated, during oral argument, that Houston West had elected to recover damages on its negligent retention claim. CoTemp did not object to the form of jury instructions and Question No. 11; accordingly, our disposition is necessarily based on legal and factual sufficiency of the evidence to support the jury's answer to the question as propounded. See Osterberg v. Peca, 12 S.W.3d 31, 55 (Tex.2000). However, in order to fully explain this court's reasoning, the Plurality's discussion incorporates all elements of a cause of action for negligent retention.

3. Robertson committed suicide before trial. Upon Houston West's motion, the trial court appointed an attorney ad litem to represent the interests of Robertson's unknown heirs.

pleted, CoTemp had a duty to third parties such as Houston West not to retain Robertson as an employee, and the breach of that duty proximately caused Houston West's injury. Houston West also argues that Robertson committed an actionable tort against Houston West, namely, fraud, and that there is no physical injury requirement to prevail on a negligent retention claim.

## A. Duty

■■■ Generally, there is no duty to control the conduct of third persons absent a special relationship between the defendant and the third person that imposes a duty upon the defendant to control the third person's conduct. *See Triplex Commc'ns, Inc. v. Riley,* 900 S.W.2d 716, 720 (Tex.1995); *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex. 1990) (citing RESTATEMENT (SECOND) OF TORTS § 315 (1965)); *Verinakis v. Medical Profiles, Inc.,* 987 S.W.2d 90, 97 (Tex.App.-Houston [14th Dist.] 1998, pet. denied). Such special relationships include those between employer and employee, parent and child, and independent contractor and contractee where the contractee retains the right to control the contractor's work. *See Triplex Commc'ns, Inc.,* 900 S.W.2d at 720; *Greater Houston Transp. Co.,* 801 S.W.2d at 525; *Verinakis,* 987 S.W.2d at 97.

■■■ Under the tort of negligent hiring, supervision, or retention, an employer who negligently hires an incompetent or unfit individual may be directly liable to a third party whose injury was proximately caused by the employee's negligent or in-

tentional act. *See Verinakis,* 987 S.W.2d at 97.[4] Both of the elements of duty and proximate cause required to establish a claim of negligent retention are premised on foreseeability. *See Mellon Mortgage Co. v. Holder,* 5 S.W.3d 654, 659 (Tex. 1999); *Wrenn v. G.A.T.X. Logistics, Inc.,* 73 S.W.3d 489, 496 (Tex.App.-Fort Worth 2002, no pet.). The basis of responsibility under the doctrine of negligent retention is the master's negligence in retaining in his employ an incompetent servant whom the master knows, or by the exercise of reasonable care should have known, was incompetent or unfit, thereby creating an unreasonable risk of harm to others. *See Houser v. Smith,* 968 S.W.2d 542, 546 (Tex.App.-Austin 1998, no pet.). Therefore, to successfully prosecute its claim of negligent retention against CoTemp, Houston West was required to show that: (1) CoTemp owed a legal duty to protect Houston West from Robertson's actions, and (2) Houston West sustained damages proximately caused by CoTemp's breach of its legal duty. *See Wrenn,* 73 S.W.3d at 496.

■■■ The record reflects that prior to the events giving rise to this suit, Robertson had agreed to perform two air-conditioning installation side jobs for which he was paid but never completed, in violation of company policy. Once CoTemp became aware of these side jobs, it reprimanded Robertson and required him to make restitution to the customers. CoTemp, however, continued to employ Robertson in the same service position that involved con-

---

**4.** We note that the tort of negligent hiring, supervision, or retention is distinct from the doctrine of respondeat superior under which an employer may be held vicariously liable when the negligence of its employee, acting in the scope of his employment, is the proximate cause of another's injury. *See DeWitt v. Harris County,* 904 S.W.2d 650, 654 (Tex.1995).

By contrast, a claim of negligent retention is based on an employer's direct negligence rather than the employer's vicarious liability for the torts of its employees. *Verinakis,* 987 S.W.2d at 97; *Doe v. Boys Clubs of Greater Dallas, Inc.,* 868 S.W.2d 942, 950 (Tex.App.-Amarillo 1994), *aff'd,* 907 S.W.2d 472 (Tex. 1995).

tacting potential and existing customers and obtaining sales. Houston West contends this evidence demonstrates CoTemp knew Robertson was incompetent or unfit based on his previous dishonest conduct, yet it nonetheless retained him thereby creating a foreseeable risk to other customers. We agree. We find this evidence is sufficient to conclude that the conduct and harm were foreseeable and, therefore, CoTemp owed Houston West a legal duty to protect it from Robertson's conduct.

## B. Proximate Cause

■■■ To prevail on a negligent retention claim, a plaintiff also must demonstrate that the employer's negligence in hiring the employee was the proximate cause of the plaintiff's injuries. *See Robertson v. Church of God, Int'l.*, 978 S.W.2d 120, 124 (Tex.App.-Tyler 1997); *Wrenn*, 73 S.W.3d at 496. Although liability for negligent retention is not dependent upon a finding that the employee was acting within the course and scope of his employment when the tortious act occurred, it is imperative that there be some connection between the plaintiff's injury and the fact of employment. *See Robertson*, 978 S.W.2d at 125. The components of proximate cause are cause-in-fact and foreseeability. *Doe*, 907 S.W.2d at 477; *Wrenn*, 73 S.W.3d at 496.

### 1. Cause–in–Fact

■■■ The test for cause-in-fact is whether the negligent act or omission was a substantial factor in bringing about the injury without which the harm would not have occurred. *Robertson*, 978 S.W.2d at 126; *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 775 (Tex.1995) (noting cause-in-fact consists of a "but for" test and a substantial factor test). In determining whether the defendant's conduct was a substantial factor in bringing about the plaintiff's injuries, a court will consider whether the forces generated by the defendant's conduct are still in existence at the time of the injury; if so, the defendant's conduct was a substantial factor in causing the plaintiff's injuries. *See Henry v. Houston Lighting & Power Co.*, 934 S.W.2d 748, 752 (Tex.App.-Houston [1st Dist.] 1996, writ denied) (quoting *Allbritton*, 898 S.W.2d at 776). The "but for" test is satisfied by demonstrating that, but for the defendant's conduct, the plaintiff's injuries would not have occurred. *Taylor v. Carley*, 158 S.W.3d 1, 8 (Tex.App.-Houston [14th Dist.] 2004, pet. denied). Cause-in-fact, however, is not shown if the defendant's negligence did no more than furnish a condition which made the injury possible. *Id.; Robertson*, 978 S.W.2d at 126.

The evidence shows that, despite learning of Robertson's previous dishonest conduct, CoTemp retained Robertson in a capacity which permitted him to interact with customers and make sales, use the company vehicle, equipment, and phones, and wear the company uniform. We find this evidence sufficient to show but for CoTemp's retention of Robertson, he would not have been in a position to deceive Houston West into believing that it was contracting with CoTemp, and Houston West would not have been harmed. Furthermore, the circumstances described above were in existence at the time Robertson contracted with Houston West. Accordingly, we find sufficient evidence that CoTemp's retention of Robertson was a cause-in-fact of Houston West's injury.

### 2. Foreseeability

■■■ Houston West also was required to prove that Robertson's fraud and the resulting injury to Houston West were a foreseeable consequence of CoTemp's retention of Robertson. *See Wrenn*, 73 S.W.3d at 496; *Houser*, 968 S.W.2d at 544. To be foreseeable, the plaintiff's injuries

must be of such a general character they might have been reasonably anticipated, but the defendant need not anticipate the particular accident or injury that actually occurred. *See Pipgras v. Hart,* 832 S.W.2d 360, 364 (Tex.App.-Fort Worth 1992, writ denied). CoTemp contends that "under no circumstance could CoTemp have reasonably anticipated that its continued employment of Robertson could have resulted in the bazaar [sic] circumstances claimed in this case." We disagree.

It is undisputed that CoTemp knew Robertson had been paid to perform two side jobs which he never completed, in violation of company policy. The record also reveals that CoTemp required Robertson to make restitution to these customers and warned Robertson that another occurrence would result in his termination. We conclude this evidence is sufficient to demonstrate that CoTemp reasonably could have anticipated that Robertson might again engage in similar improper conduct. CoTemp argues Robertson's conduct toward Houston West was dissimilar and, consequently, unforeseeable because Robertson's prior misconduct involved contracting for side jobs in his own name, rather than as a Co-Temp employee. We find this argument unpersuasive. The foreseeability factor does not require CoTemp to anticipate the exact circumstances under which Houston West sustained injury; rather, the inquiry is whether CoTemp reasonably could have anticipated the potential harm to third parties from its retention of Robertson. *See id.* We conclude there is sufficient evidence that CoTemp reasonably could have anticipated such harm.

## C. Actionable Tort and Physical Injury

In two sub-issues, CoTemp contends it cannot be held liable for negligent retention because there is no evidence: (1) Robertson committed an actionable tort against Houston West, or (2) Houston West suffered a physical injury as a result of Robertson's tortious conduct.

### 1. Actionable Tort

CoTemp asserts that Robertson committed no underlying actionable tort against Houston West and, thus, Houston West cannot recover on its negligent retention claim. *See Brown v. Swett & Crawford of Texas, Inc.,* 178 S.W.3d 373, 384 (Tex. App.-Houston [1st Dist.] 2005, no pet.) (noting that to prevail on negligent hiring or supervision claim, plaintiff must prove employer was negligent and employee committed actionable tort against plaintiff); *Gonzales v. Willis,* 995 S.W.2d 729, 739 (Tex.App.-San Antonio 1999, no pet.) (concluding employer cannot be held liable for negligent hiring, retention, training, or supervision where employee did not commit actionable tort against plaintiff). In its brief, CoTemp contends "Houston West attempts to import a jury finding of fraud, upon which the trial court denied it relief," in order to show that CoTemp committed an actionable tort upon which to base its negligent retention claim. We find CoTemp's argument to be without merit for several reasons.

First, absent a proper objection, this court must review sufficiency of the evidence against the questions and instructions provided by the trial court. *Osterberg v. Peca,* 12 S.W.3d at 55. Second, CoTemp provides no record citation to support its assertion that the trial court denied relief to Houston West on its fraud claim, nor are we aware of any such evidence.[5] Third, our review of the record

---

5. As previously noted, the parties' counsel

stated during oral argument that Houston

reveals that the jury did, in fact, find Robertson had committed fraud. Finally, Question No. 11 of the jury charge, which addresses Houston West's negligent retention claim, begins by instructing the jury that if its answer to Question No. 5 is "Yes" as to Bob Robertson, it should answer Question 11; otherwise, it should not answer Question No. 11. In response to Question No. 5, which asks whether the defendants committed fraud against Houston West, the jury answered in the affirmative as to both Robertson and CoTemp. Having found Robertson had committed fraud, *i.e.* an actionable tort, the jury then answered Question No. 11 and found that CoTemp had negligently retained Robertson. This sub-issue is therefore overruled.

### 2. Physical Harm

CoTemp also asserts that Houston West suffered no physical injury as a result of Robertson's tortious conduct and, therefore, cannot recover on its negligent retention claim. However, we need not address this argument because there is no indication in the record that counsel for CoTemp objected to the absence of an instruction in the jury charge regarding a physical injury requirement. *See* Tex.R. Civ. P. 274 ("A party objecting to a charge must point out distinctly the objectionable matter and the grounds of the objection. Any complaint as to a question, definition, or instruction, on account of any defect, omission, or fault in pleading, is waived unless specifically included in the objections."). Thus, CoTemp has waived this sub-issue for our review. *See* Tex.R.App. P. 33.1. Accordingly, CoTemp's first, second, and third issues are overruled.

### III. ATTORNEY AD LITEM FEES

 In its fourth issue, CoTemp contends the trial court erred in assessing

attorney ad litem fees against CoTemp for the unknown heirs of Robertson. In order to avoid waiver of an issue on appeal, a party must discuss in its brief the facts and the authorities upon which it relies to maintain the issue. *See* Tex. R App. P. 38.1; *McPherson Enters., Inc. v. Producers Coop. Mktg. Ass'n, Inc.*, 827 S.W.2d 94, 96 (Tex.App.-Austin 1992, writ denied). Bare assertions of error, without argument or authority, waive error. *Blanks v. Liberty Mut. Fire Ins. Co.*, 196 S.W.3d 451, 452 (Tex.App.-Dallas 2006, pet. denied). Because CoTemp has not provided any argument or authority to support its argument, its complaint is waived. *See id.* CoTemp's fourth issue is overruled.

Accordingly, the trial court's judgment is affirmed.

EDELMAN, J. Concurs, in result only, without opinion.

FROST, J., Concurring with Opinion.

KEM THOMPSON FROST, Justice, concurring.

While I join the court's judgment, I write separately to emphasize the significance of the trial court's negligent-retention question, which must be the basis of this court's legal and factual sufficiency analysis, and to point out that appellant CoTemp, Inc. did not preserve error in the trial court regarding its appellate complaint that only damages for physical injuries can be recovered under appellee Houston West Corp.'s negligent-retention claim.

**Is the evidence legally and factually sufficient to support the jury's negligent-retention finding?**

CoTemp challenges the legal and factual sufficiency of the evidence to support the

---

West had elected to recover on its negligent retention claim rather than on its breach of

contract or fraud claims.

jury's affirmative answer to jury question 11 regarding negligent-retention. That question and its accompanying instructions read as follows:

Negligence and Ordinary Care

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

Proximate Cause

"Proximate Cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

An employer has a legal duty to use ordinary care in retaining its employees.

If your answer to [fraud liability question] is "Yes" as to Bob Robertson, then answer question 11 otherwise do not answer question 11.

As to Cotemp, Inc., "negligence" means failure to use ordinary care in retaining Bob Robertson.

*Question 11*

Did the negligence, if any, of Cotemp, Inc. proximately cause injury to the Plaintiffs?
Answer: Yes

Legally and factually sufficient evidence support this affirmative answer based on the evidence discussed in the plurality opinion. However, the plurality's analysis refers to legal principles regarding negligent-retention claims that are not incorporated into the jury charge submitted in this case. Because no party objected to the form of question 11 and its related instructions, this court must review the sufficiency of the evidence under the charge submitted, without regard to whether it is a correct statement of the law. *See Osterberg v. Peca*, 12 S.W.3d 31, 55 (Tex.2000) (holding that court could not review the sufficiency of the evidence based on a particular legal standard because that standard was not submitted to the jury and no party objected to the charge on this ground or requested that the jury be charged using this standard); *Hirschfeld Steel Co. v. Kellogg Brown & Root, Inc.*, 201 S.W.3d 272, 283–86 (Tex. App.-Houston [14th Dist.] 2006, no pet.) (reviewing sufficiency of evidence based on unobjected-to jury instruction and rejecting various arguments based on different legal standards). Under the applicable standards of review, the evidence cited by the plurality is legally and factually sufficient to support the jury's affirmative answer to this question. Therefore, it is correct to overrule CoTemp's first, second, and third issues.

**Is the evidence legally sufficient to support the jury's finding of an underlying tort?**

In its opening appellate brief CoTemp asserts in a sub-issue that there is no evidence proving an underlying tort by Bob Robertson against Houston West. Because CoTemp provides no analysis, cita-

tions to the record, or legal authorities, CoTemp has waived this issue. *See* TEX. R.APP. P. 38.1(h); *San Saba Energy, L.P. v. Crawford,* 171 S.W.3d 323, 338 (Tex. App.-Houston [14 Dist.] 2005, no pet.) (holding that, even though courts interpret briefing requirements reasonably and liberally, parties asserting error on appeal still must put forth some specific argument and analysis citing the record and authorities in support of the parties' argument). Even if there were no briefing waiver of this argument, this court still should overrule this sub-issue because, under the applicable legal standard, there is legally sufficient evidence to support the jury's finding in question 5 that Robertson committed fraud against Houston West.

**Did CoTemp preserve error as to its argument that Houston West can recover only damages for physical injuries under its negligent-retention claim?**

In its opening brief, CoTemp also asserts that Houston West may recover only damages for physical injuries under its negligent-retention claim. However, before this court could reverse the trial court's judgment based on this complaint, CoTemp must have presented it to the trial court and obtained an adverse ruling. *See GTE Mobilnet of S. Tex. v. Pascouet,* 61 S.W.3d 599, 612, 620 (Tex.App.-Houston [14th Dist.] 2001, pet. denied). The appellate record shows that CoTemp never voiced this complaint in the trial court; therefore, it failed to preserve error.[1] *See* TEX.R.APP. P. 33.1(a); *Pascouet,* 61 S.W.3d at 612, 620.

---

1. CoTemp did assert in its motion for judgment notwithstanding the verdict that "[t]here is no precedent in Texas for the application of the negligent retention doctrine to a case in which damages allegedly resulted from a failure to perform a contractual promise." However, this complaint does not encompass the

For these reasons, the trial court's judgment should be affirmed.[2]

---

assertion that Houston West may not recover for nonphysical injuries and it is not the same complaint as the appellate complaint before this court.

2. The plurality correctly finds briefing waiver as to CoTemp's fourth issue.