**Affirmed in Part, Reversed and Remanded in Part, and Majority and Dissenting Opinions filed June 30, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-01112-CV

---

## DAVIS-LYNCH, INC., Appellant

### V.

## ASGARD TECHNOLOGIES, LLC, MANGROVE, INC., TALENT FORCE, INC., PHOENIX OFFSHORE SERVICES, L.L.C., TALENT FORCE TECHNICAL, L.L.C., ASGARD RESOURCES, LLC, ASGARD RESOURCES OF TEXAS, L.L.C., AND ARTHUR P. GRIDER, Appellees

---

**On Appeal from the 334th District Court
Harris County, Texas
Trial Court Cause No. 2011-10745**

---

## D I S S E N T I N G   O P I N I O N

I agree with the majority's determinations that (1) Asgard owed no fiduciary duty to DLI; (2) there was no agency-principal relationship giving rise to formal fiduciary duties and no informal fiduciary relationship between DLI and Asgard; and (3) Asgard conclusively established it had no contractual duty to perform a

background check.  I further join in the majority's conclusion that Asgard conclusively established it owed no duty to DLI to manage or supervise Moreno because her activities were under the control of DLI.  I also agree with the majority's conclusion that Asgard had no duty to perform a background check, and without doing so, Asgard neither could have nor should have known the embezzlement would occur.  Finally, I agree with the majority that Asgard conclusively established it had no right to control Moreno's day-to-day activities in the accounting department; therefore, the trial court's order granting summary judgment on DLI's respondeat superior claim is proper.

However, I respectfully dissent from the majority's conclusion that there is a fact issue on DLI's negligent retention claim.  I would hold that Asgard conclusively established it owed no duty to DLI in support of its negligent retention claim—a tort does not exist in the absence of duty.  *See Porter v. Nemir*, 900 S.W.2d 376, 384 (Tex. App.—Austin 1995, no pet.) (holding "the threshold inquiry in a negligent retention case involves duty. . . .") (citing *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990) which stated the "threshold inquiry in a negligence case is duty.").

> Under the tort of negligent hiring, supervision, or retention, an employer who negligently hires an incompetent or unfit individual may be directly *liable to a third party* whose injury was proximately caused by the employee's negligent or intentional act.  (citation omitted)  Both of the elements of duty and proximate cause required to establish a claim of negligent retention are premised on foreseeability.

*See CoTemp, Inc. v. Houston West Corp.*, 222 S.W.3d 487, 492 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (emphasis added).

As noted above, the majority correctly determines that Asgard owed no duty to DLI on its negligent hiring, supervision and management claims because there

2

was no contractual or other special relationship imposing a duty. Yet, after holding Asgard owed no duty to perform a background check, the majority then concludes the summary judgment was improper as to negligent retention because there is a fact issue that Moreno's embezzlement was foreseeable.

I would hold that negligent retention also fails as a matter of law because the undisputed evidence shows that DLI unilaterally transferred Moreno from her receptionist position to the position of accounting clerk. DLI then promoted her to the head of the accounting department and retained her in that position until it terminated her employment. DLI never requested that Asgard perform a background check, nor did DLI do so. The evidence reflects that at all times when Moreno was in DLI's employ in the accounting department, DLI supervised her day-to-day activities. I also question how any negligent retention claim can be pursued in the absence of a negligent hiring claim, which the majority holds does not survive summary judgment.

Therefore, I conclude Asgard conclusively established it was not foreseeable that Moreno would embezzle funds from DLI. Asgard initially placed Moreno at DLI as a receptionist whose responsibilities included answering phones and performing clerical duties. At DLI's sole discretion, and without Asgard's prior input, DLI transferred Moreno to the accounting department as a clerk and promoted her to the head of its accounting department where Moreno was granted nearly unlimited access to DLI's financial systems. Under these facts, Asgard conclusively established it was not foreseeable that a receptionist would be promoted to the head of accounting and embezzle $15 million during her eight years of employment in the accounting department under DLI's supervision. *See Guidry v. Nat'l Freight*, 944 S.W.2d 807, 811 (Tex. App.—Austin 1997, no writ) (considering a negligent hiring claim and holding that it was not foreseeable a

3

truck driver would sexually assault a third party).

I would also note that there is no evidence that any third party was harmed by Moreno's actions—a key consideration in negligent retention cases. *See CoTemp*, 222 S.W.3d at 493—94 (concluding harm to third party was foreseeable because it could have been reasonably anticipated that harm would result by retention of the employee). Rather, Moreno's embezzlement was unforeseeable and it affected only DLI, the entity which promoted her and retained her in its accounting department.

Thus, I believe the majority is incorrect in its determination that there is a genuine issue of material fact on the negligent retention claim. Under this scenario, I disagree with the majority that the trial court erred in granting Asgard's motion for summary judgment on DLI's negligent retention claim. Accordingly, I would affirm the trial court's order granting summary judgment in its entirety.


/s/    John Donovan
       Justice


Panel consists of Justices Boyce, Jamison, and Donovan. (Jamison, J., majority).