**In re James Drew MILLER.**

**No. 19969.**

Court of Civil Appeals of Texas, Dallas.

June 1, 1979.

Rehearing Denied June 26, 1979.

James F. Newth, Dallas, for appellant.

G. Robert Wileman, Dallas, for appellee.

Before AKIN, ROBERTSON and CARVER, JJ.

CARVER, Justice.

Relator seeks a writ of habeas corpus. The principal issue is whether a Texas court in which an action is filed under the Uniform Reciprocal Enforcement of Support Act (URESA) has continuing jurisdiction to the exclusion of another Texas court in which a second URESA suit is filed. We hold that the first Texas court entertaining a URESA suit has continuing and exclusive jurisdiction and that an order of contempt and commitment of relator by a second Texas court was void. Accordingly, relator is discharged.

Relator and his ex-wife were divorced in 1966 in Oklahoma with relator's support obligation being fixed at $62.50 per month for each of two minor children. Subsequently, relator moved to Dallas County, Texas, and his ex-wife and children moved to Colorado. In 1977, relator's ex-wife initiated a URESA proceeding in the 303rd District Court in Dallas County against relator seeking accrued arrearages under the Oklahoma decree plus an increase in child support. A final agreed judgment was entered by the 303rd District Court in June of 1977, requiring relator to pay $62.50 per month for each minor child (the same as the Oklahoma judgment), but the judgment was silent as to the claim of arrearages and as to an increase in support. Eight months later in March of 1978, relator's ex-wife initiated a second URESA suit in the 254th District Court of Dallas County seeking the same arrearages plus an increase in support.

Relator filed a plea to the jurisdiction of the 254th Court contending that the 303rd Court had continuing and exclusive jurisdiction and requesting that the case be transferred to the 303rd Court. Relator's plea was denied even though the prior judgment and proceedings were introduced into evidence. The 254th Court found relator in contempt and ordered relator to jail until the arrearages accrued under the Oklahoma decree, attorney's fees in this proceeding, and costs were paid.

Relator's attack on the trial court's judgment is collateral and may be sustained only if the judgment is void. *Ex parte Conger*, 163 Tex. 505, 357 S.W.2d 740, 743 (1962). Relator argues that the 303rd Court had continuing jurisdiction to the exclusion of all other courts and thus, the order is void. We agree. Tex.Fam.Code

Ann. § 21.24 (Vernon 1975) provides that "if the child for whom support is sought is the subject of a suit affecting the parent-child relationship, the court having continuing jurisdiction under section 11.05 of this code has exclusive jurisdiction of a suit under this chapter." Section 11.05 grants continuing jurisdiction to a court acquiring jurisdiction of a suit affecting the parent-child relationship. Since section 11.01(5) states that suits concerning the support of a child are suits affecting the parent-child relationship, the suit filed in the 303rd Court had continuing jurisdiction to the exclusion of all other courts.

Respondent argues, however, that the 303rd Court does not have continuing jurisdiction. She contends that Tex.Fam.Code Ann. § 21.44 (Vernon 1975) controls this case. This section provides: "Participation in any proceedings under this chapter shall not confer upon any court jurisdiction of any of the parties thereto in any other proceedings." Since the suit in the 303rd Court was a URESA action filed under sections 21.63 and 21.64 of the Family Code respondent contends that no continuing jurisdiction attaches. To determine this issue, we must look to the legislative intent behind the chapters of the Family Code that concern the parent-child relationship.

Recognizing the need to commit the decision of all controversies that directly affect the welfare of particular children to a single court, the legislature enacted section 11.05 providing for continuing jurisdiction. Before the passage of section 11.05, conflicts between courts of parallel jurisdiction had led to multiple suits concerning the proper disposition of issues affecting children. Consolidation of the various suits into one suit affecting the parent-child relationship and investing only one court with power to rule on issues affecting the child provides an effective way to give courts access to more information and leaves them wide latitude in dealing with the best interests of the child. Smith, Commentary on Title 2, Texas Family Code Symposium Supplement, 8 Tex.Tech L.Rev. 23 (1976). Clearly, the legislature intended to avoid situations such as the one in this case. Sec-

tions 21.02 and 21.06 state the purpose of Chapter 21 is to make uniform the laws respecting the duties of support and that the chapter should be interpreted and construed to effectuate this purpose. Both the legislative intent as set out in the code itself and the rules of statutory construction support our holding that the court in which a URESA action is first filed obtains continuing jurisdiction to the exclusion of all other courts. We further conclude that Tex.Fam.Code Ann. § 21.44 (Vernon 1975) was designed to allow URESA support proceedings to be free of other issues in the "parent-child relationship," [defined in § 11.01(5)], and section 21.44 cannot be read to compel or permit successive URESA suits to be free of the legislative imposition of "continuing and exclusive" jurisdiction provided in section 11.05.

Accordingly, the writ of habeas corpus is granted, the judgment of contempt and order of commitment is vacated, and relator is discharged.