**Lawrence Julian CARROLL, Appellant,**

v.

**Shirley Ann Carroll COUCH, et vir, James William Couch, Appellees.**

**No. 18499.**

Court of Appeals of Texas, Fort Worth.

Nov. 12, 1981.

Anderson, Anderson & Rodriguez and Hank Anderson, Wichita Falls, for appellant.

Ray Martin, Wichita Falls, for appellees.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

MASSEY, Chief Justice.

This appeal is by a natural father whose parental rights were terminated. Suit for termination and adoption was brought by the children's mother and step-father.

We reverse the judgment and dismiss the cause for lack of jurisdiction.

Lawrence Julian Carroll and Shirley Ann Carroll were divorced in Tarrant County in 1977. The mother was named conservator of the two children, Tammy Ann Carroll and Tina Lynn Carroll. The mother subsequently moved to Wichita County, Texas, and the father moved to Oklahoma. While in Wichita County, the mother filed suit for collection of back child support under the Uniform Reciprocal Enforcement of Support Act. The petition seeking termination of Lawrence Carroll's parental rights was then filed in Wichita County on August 25, 1980, by Shirley Ann Carroll Couch and her husband, the children's stepfather, James William Couch. A cross-action was filed by Lawrence Carroll, seeking increased visitation privileges and attorney's fees. An order granting termination, but denying other

relief (adoption or any of cross-petitioner's requests) was rendered on October 21, 1980, from which Lawrence Carroll perfected his appeal.

At no time was there a motion for transfer of the Tarrant County court's continuing jurisdiction, which it had obtained by reason of the original divorce decree. No question of jurisdiction was raised in the trial court by either the petitioner or the cross-petitioner. Both parties alleged that the court had jurisdiction as a result of prior proceedings.

Jurisdiction of suits involving children is determined by Tex. Family Code Ann. sec. 11.05 (1980–1981) "Continuing Jurisdiction". Subsection (a) provides:

"(a) Except as provided in Subsections (b), (c), (d), and (e) of this Section and in Section 11.052 of this code, when a court acquires jurisdiction of a suit affecting the parent-child relationship, that court retains continuing jurisdiction of all parties and matters provided for under this subtitle in connection with the child. *No other court of this state has jurisdiction of a suit affecting the parent-child relationship with regard to that child except on transfer as provided in Section 11.06 of this code.*" (Emphasis added.)

Justice Pope of the Supreme Court has written concerning this provision:

"This is another case in which the trial court has failed to recognize the legislative scheme that the court of continuing jurisdiction is the one that has the exclusive power to reexamine its prior order which evaluated the best interest of the child. The Legislature by enacting the Family Code adopted a scheme for handling parent-child matters in a manner that avoids forum shopping, races to the courthouse, child snatching, and the harassment of a parent by the other parent's filing suits in random courts.

"[1] The first inquiry in any action concerning a modification of parent-child orders is that of jurisdiction. Section 11.-05(a) of the Family Code is explicit in fixing the continuing jurisdiction of a court." *Trader v. Dear*, 565 S.W.2d 233, 235 (Tex.1978).

The legislative philosophy behind this provision has been described as follows:

"Recognizing the need to commit the decision of all controversies that directly affect the welfare of particular children to a single court, the legislature enacted section 11.05 providing for continuing jurisdiction. Before the passage of section 11.05, conflicts between courts of parallel jurisdiction had led to multiple suits concerning the proper disposition of issues affecting children. Consolidation of the various suits into one suit affecting the parent-child relationship and investing only one court with power to rule on issues affecting the child provides an effective way to give courts access to more information and leaves them wide latitude in dealing with the best interests of the child." *In re Miller*, 583 S.W.2d 872, 873 (Tex.Civ.App.—Dallas 1979, no writ).

No exception in 11.05 applies to the facts of this case.

Under Tex. Family Code Ann. sec. 11.06 (1975) transfer of the jurisdiction may be mandatory upon proper application, but until such application for transfer is made, continuing jurisdiction lies exclusively with the District Court of Tarrant County.

It is fundamental that jurisdiction cannot be conferred by agreement nor can lack of jurisdiction be waived. *Duncan v. Tweedy*, 582 S.W.2d 614 (Tex.Civ.App.—Dallas 1979, no writ). Where the trial court did not have jurisdiction of the case, the Court of Appeals is without jurisdiction of the appeal, and in such instance, it is proper that the judgment be reversed and the cause dismissed. *Bryan v. Bryan*, 477 S.W.2d 705, 710 (Tex.Civ.App.—Amarillo 1972, no writ) citing others.

Having determined that this court lacks jurisdiction of this appeal because the trial court lacked jurisdiction of the cause, the judgment is reversed and the cause dismissed.