ACCEPTED
01-14-00969-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
4/15/2015 11:42:22 AM
CHRISTOPHER PRINI
CLERK

No. 01-14-00969-CV

IN THE FIRST COURT OF APPEALS
AT HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
4/15/2015 11:42:22 AM
CHRISTOPHER A. PRINE
Clerk

BRYAN BLACK,

Appellant

v.

SMITH PROTECTIVE SERVICES, INC.,

Appellee

On Appeal from the 189th Judicial District Court
The Honorable William R. Burke, Judge Presiding

**APPELLEE'S BRIEF**

ORAL ARGUMENT RESERVED

TODD H. TINKER
State Bar No. 20056150
TinkerLaw@TinkerLaw.com
LAW OFFICE OF TODD H. TINKER, PC
P.O. Box 802606
Dallas, TX 75380
Telephone: (214) 914-3760
Facsimile: (214) 853-4328

ATTORNEY FOR APPELLEE

# TABLE OF CONTENTS

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

TABLE OF AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

## STATE CASES

*Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998). . . . . . . 5

*Banzhaf v. ADT Sec. Systems Southwest, Inc.*, 28 S.W.3d 180, 185
 (Tex. App. - Eastland 2000, writ den'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Coastal Transport Co., Inc. v. Crown Cent. Petroleum Corp.*,
 47 Tex. Sup. Ct. J. 559, 136 S.W.3d 227, 232 (Tex. 2004). . . . . . . . . . . . . . . . 8

*CoTemp, Inc. v. Houston West Corp.*, 222 S.W.3d 487, 493
 (Tex. App. - Houston [14th Dist.] 2007, no writ). . . . . . . . . . . . . . . . . . . . . . 10

*Durand v. Moore*, 879 S.W.2d 196, 199 (Tex. App. - Houston [14th Dist] - 1994,
 no writ (amended on different grounds)). . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Goodyear Tire and Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007). . . . 5

*Greater Houston Transportation Co. v. Phillips*, 801 S.W.2d 523, 525
 (Tex.1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Martinez v. Hays Const., Inc.*, 355 S.W.3d 170, 180
 (Tex. App. - Houston [1st Dist.] 2011, no writ.). . . . . . . . . . . . . . . . . . . . . . . 10

*Mayer v. Willowbrook Plaza Ltd. Partnership*, 278 S.W.3d 901, 910
 (Tex. App. - Houston [14th Dist.] 2009, no pet.). . . . . . . . . . . . . . . . . . . . . . . 9

*McMahon v. Zimmerman*, 2014 WL 1258815
 (Tex. App. - Houston [1st Dist.] 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002). . . . . . 5

*Ogunbanjo v. Don McGill of West Houston, Ltd.*, 2014 WL 298037 *3
 (Tex. App. - Houston [1st Dist.], 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**TABLE OF AUTHORITIES (cont.)**

*Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex. 1983). . . . . . . . . . . . . . . .  5

*Potharaju v. Jaising Maritime, Ltd.*, 193 F.Supp.2d 913, 919
  (E.D. Tex. - 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

*Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex. 1971). . .  5

*Smith v. M Sys. Food Stores, Inc.*, 156 Tex. 484, 297 S.W.2d 112,
  114 (Tex. 1957). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

*Wal-Mart Stores, Inc. v. Merrell*, 53 Tex. Sup. Ct. J. 869,
  313 S.W.3d 837, 838 (Tex. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*Wansey v. Hole*, 379 S.W.3d 246, 247-48 (Tex. 2012).  . . . . . . . . . . . . . . . . . . .  10

## STATEMENT REGARDING ORAL ARGUMENT

Appellant has requested oral argument on this appeal. Appellee submits that the issues of this appeal may be resolved by reference to the briefs and oral argument is unnecessary. Nonetheless, should this Court grant Appellant his request for oral argument, Appellee requests to then be allowed to be heard.

## STATEMENT OF FACTS

Muhammad Zaffar ("Zaffar"), a defendant in this matter, had been posted by Smith Protective Services, Inc. ("Smith"), defendant below, at the vehicle entrance to a condominium complex at which Bryan Black ("Black"), plaintiff below, was living. Irritated because Zaffar refused entry to a guest of one of Black's friends, Black drove down to the gate area, parked, exited his vehicle, and proceeded to loudly berate Zaffar for his actions, shouting and using profane language while doing so. In fact, Black also cursed at another resident whose only crime was to inquire as to whether she could be of assistance. (Deposition of Shelley White, pp. 27, line 20 - p. 29, line 5) [CR 112 - 114]

Upon completing his shift, Zaffar went to a Houston Police Department sub-station and filed a criminal assault charge against Black. After speaking with Zaffar, and unsuccessfully attempting to speak with Black[1], the investigating

---

[1]     [CR 42]

officer referred the matter to an Assistant District Attorney, who caused an arrest warrant to be issued for Black.

Black was subsequently arrested, incarcerated from early on a Friday evening until early Sunday morning, and released on bail. Black instituted this suit against the owners and management of the condominium complex, Zaffar, and Smith. The condominium defendants were dismissed after agreeing to a settlement with Black and on August 20, 2014, the trial court signed an Order granting Smith's Motions for No-Evidence and Traditional Summary Judgment, dismissing all of Black's claims against Smith.

When the case was called to trial, in the absence of an appearance by Zaffar, Black submitted his evidence to the court without a jury, and judgment was granted in his favor and against Zaffar on September 23, 2014.

## SUMMARY OF THE ARGUMENT

The trial court correctly granted Smith's Motions for Summary Judgment on the grounds that there were no genuine issues of material fact regarding Black's failure to demonstrate the following: 1) that any of Zaffar's conduct was committed while in the course and scope of his employment with Smith; 2) that Smith owed any duty to Black to support any claims for negligence; or 3) that any

alleged negligence on Smith's part proximately caused any harm suffered by Black.

In this appeal, Black takes the same shotgun approach employed in the trial court - scattering about allegations regarding alleged wrongs committed by Zaffar and Smith. What Black's evidence does show is: 1) on one occasion when he felt threatened by a co-worker, Zaffar notified his supervisors [CR 506]; 2) that when he felt threatened by a guest, Zaffar called the police [CR 505]; and 3) that when he felt he had been assaulted by Black, he filed a police report. Rather than demonstrating that Zaffar presented any danger to anyone, what the evidence demonstrates is he was a person who did not take matters into his own hands, but who sought help from the appropriate authorities.

## ARGUMENT AND AUTHORITIES

Under the guise of Argument and Authorities in his Brief, Black makes various unsupported and inaccurate statements of fact, without reference to any evidence supporting such statements. These include that Zaffar threatened to kill anybody [Black Brief, p. 9, ll 4-5]; that any of Zaffar's claims of threats or assaults were, in fact, false [Black Brief, p. 9, ll 10-12; p. 11, ll. 3-5]; or that Zaffar was not counseled regarding how to handle difficult customers [Black Brief, p. 12, ll 5-8]. Rather Black would have this Court assume the truth of such assertions. This

Court cannot give Black the benefit of the doubt on these issues as the record is absolutely devoid of evidence supporting these alleged facts.

**Respondeat Superior Liability of Smith**

As acknowledged by Black in his Brief (p. 4), the producing cause of Black's harm is the filing of an allegedly false police complaint by Zaffar upon which the Houston Police Department failed to conduct an adequate investigation before having Black arrested. Black would have this court hold Smith liable for Zaffar's allegedly false report. The undersigned has researched, but been unable to locate, any legal authority for the proposition that an employer has a duty to tell its employees not to lie to law enforcement personnel.[2] The corollary to such a holding (and just as nonsensical) would be that an employer has the right to tell its employees **to** lie to law enforcement personnel. There also seems to be no legal authority for employers to dictate to employees whether and under what circumstances they may file a criminal complaint when they believe they have been assaulted.

---

[2] Even if it had a duty to independently investigate the incidence, there was insufficient time between the incidence and Zaffar's report to the police for Smith to do anything.

The question then becomes what conduct of its employee can Smith be liable for? The answer, of course, is those acts committed in the course and scope of the employee's duties.

> Generally, a person has no duty to control the conduct of another. *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex. 1983). Under the theory of respondeat superior, however, an employer may be vicariously liable for the negligent acts of its employee if the employee's actions are within the course and scope of his employment. *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998). "[A]n employer is liable for its employee's tort only when the tortious act falls within the scope of the employee's general authority in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired." *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002) (citing *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex. 1971)). The employee's acts must be of the same general nature as the conduct authorized or incidental to the conduct authorized to be within the scope of employment. *Minyard Food Stores*, 80 S.W.3d at 577 (citing *Smith v. M Sys. Food Stores, Inc.*, 156 Tex. 484, 297 S.W.2d 112, 114 (Tex. 1957)). Accordingly, "if an employee deviates from the performance of his duties for his own purposes, the employer is not responsible for what occurs during that deviation." *Minyard Food Stores*, 80 S.W.3d at 577.

*Goodyear Tire and Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007); see also, *Durand v. Moore*, 879 S.W.2d 196, 199 (Tex. App. - Houston [14th Dist] - 1994, no writ (amended on different grounds)); *Ogunbanjo v. Don McGill of West Houston, Ltd.*, 2014 WL 298037 *3 (Tex. App. - Houston [1st Dist.], 2014).

-5-

In the instant case, the Summary Judgment Evidence established that any actions taken by Zaffar in filing a criminal charge against Black and pursuing the filing of the criminal complaint and Black's arrest were not within the course and scope of his duties with Smith (Amaya Affidavit, ¶¶ 4 and 7)[CR 15 - 25]. Black admitted in his Sixth Amended Petition [CR 459, ¶8], and in his Brief (p. 4) that Zaffar did not file the criminal complaint against Black until after Zaffar had left work the night of the incident.

Reporting alleged crimes occurring at The Oaks was not even part of the security officers' normal duties. As noted in the Post Orders (written instructions for each guard post), the security officers, upon the occurrence of any emergency, were to first call Lee Krause, the Property Manager (Amaya Affidavit, Exhibit "A", p. 1 (bottom))[CR 20]. The security officers' duties include maintaining "communications with Property Management and the Smith Office in reference to security matters." (Id. ¶G, at p. 4)[CR 23]. The only time the security officers were to contact Houston Police were if a suspicious person on the property runs after being asked to identify themselves (Id., ¶ VII(B)(7), at p. 4)[CR 23].

To hold that an employer had some duty to control an employee's choice or conduct in pursuing assault charges when that employee thought they had been

assaulted would be to improperly (and arguably impermissibly) insert employers into the business of authorized law enforcement personnel.

Accordingly, Zaffar's actions in filing the criminal complaint against Black were clearly not within the course and scope of his duties with Smith and were not in any manner incidental to such duties. The trial court's grant of summary judgment against Smith for any actions attributable to Zaffar should be upheld.

**Smith Owed No Duty to Black**

As the basis for its Negligent Hiring claim, Black relies upon Smith's alleged failure to comply with some if its own hiring policies [CR 462]. For his Negligent Training claim, Black claims that Smith should have trained its guards to report assaults on themselves to supervisors immediately after their occurrence and in failing to train their security officers to not file false reports. [CR 463]. Regarding Negligent Supervision, Investigation, and Failure to Warn, Black seems to allege that Smith failed to warn Black and other residents of Zaffar's past (and unverified) conduct with respect to other residents and Smith failed to investigate whether Black had actually assaulted Zaffar [CR 463]. Black alleged that Smith Negligently Retained Zaffar in the face of Zaffar's past conduct [CR 463-64]. Finally, Black alleges that Smith was Negligent in the manner in which it provided Security, apparently for not having a plan to address the handling of criminal

complaints against residents and for not demanding that surveillance cameras be functioning or warning residents that the cameras were not functioning [CR 464].

Black's expert expressed amorphous opinions that alleged irregularities in Mohammed Zaffar's application paperwork should have caused Smith to look closer into Zaffar's background and, had Smith done so, they may have chosen not to hire him. In fact, Black submitted no credible, admissible summary judgment evidence supporting such allegations.[3]

Black, however, alleged no facts, and introduced no evidence in response to Smith's no-evidence summary judgment motion, that Smith owed **any** duties to Black regarding **any** of the alleged claims of negligence.

"Plaintiffs' negligence claim required proof of three elements: a legal duty owed by ADT to them; a breach of that duty; and damages proximately resulting from that breach." *Banzhaf v. ADT Sec. Systems Southwest, Inc.*, 28 S.W.3d 180, 185 (Tex. App. - Eastland 2000, writ den'd) (citing to, *Greater Houston Transportation Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990)). ADT was an

---

[3]     It is well-established that an expert's conclusory opinions, without demonstrating any basis in fact, are insufficient to establish facts in issue. *McMahon v. Zimmerman*, 2014 WL 1258815 (Tex. App. - Houston [1st Dist.] 2014); *Coastal Transport Co., Inc. v. Crown Cent. Petroleum Corp.*, 47 Tex. Sup. Ct. J. 559, 136 S.W.3d 227, 232 (Tex. 2004); *Wal-Mart Stores, Inc. v. Merrell*, 53 Tex. Sup. Ct. J. 869, 313 S.W.3d 837, 838 (Tex. 2010).

alarm services provider and, with respect to allegations of a duty owed to plaintiffs by ADT, the court noted:

> Plaintiffs' claim of a contractual legal duty is premised on an assumption that ADT's being in the security business required it to protect Herman's employees. That premise is too broad. ADT is in the business of providing security services for both property and employees, but it provides those services only pursuant to contracts with its customers. The customer selects the services for which it will pay. Id.

See also, *Mayer v. Willowbrook Plaza Ltd. Partnership*, 278 S.W.3d 901, 910 (Tex. App. - Houston [14th Dist.] 2009, no pet.)("However, security companies such as ERMC II owe no generalized duty to provide security services beyond their contract terms."); *Potharaju v. Jaising Maritime, Ltd.*, 193 F.Supp.2d 913, 919 (E.D. Tex. - 2002).

In the instant case, Black introduced no credible summary judgment evidence that Smith owed any duty to anyone other than the party which hired it; The Oaks of Woodlake.  Accordingly, the trial court properly granted summary judgment to Smith as a matter of law on plaintiff's negligence claims.

**Proximate Cause**

There was no evidence that any alleged negligence on the part of Smith during the hiring or employment of Zaffar proximately caused the harm alleged to have been suffered by Black.  At most, any such alleged negligence merely created

a situation - the employment of Zaffar - that presented the circumstances leading up to the actions made the basis of Black's lawsuit.

"The components of proximate cause are cause-in-fact and foreseeability" *CoTemp, Inc. v. Houston West Corp.*, 222 S.W.3d 487, 493 (Tex. App. - Houston [14th Dist.] 2007, no writ) [citation omitted].

> The test for cause-in-fact is whether the negligent act or omission was a substantial factor in bringing about the injury without which the harm would not have occurred. In determining whether the defendant's conduct was a substantial factor in bringing about the plaintiff's injuries, a court will consider whether the forces generated by the defendant's conduct are still in existence at the time of the injury; if so, the defendant's conduct was a substantial factor in causing the plaintiff's injuries. The "but for" test is satisfied by demonstrating that, but for the defendant's conduct, the plaintiff's injuries would not have occurred. Cause-in-fact, however, is not shown if the defendant's negligence did no more than furnish a condition which made the injury possible.

Id. [internal citations omitted]. See also, *Wansey v. Hole*, 379 S.W.3d 246, 247-48 (Tex. 2012).

"An employer is not negligent when there is nothing in the employee's background that would cause a reasonable employer not to hire or retain the employee." *Martinez v. Hays Const., Inc.*, 355 S.W.3d 170, 180 (Tex. App. - Houston [1st Dist.] 2011, no writ.). Black produced no such evidence showing that Smith acted in any unreasonable manner in hiring, training, or retaining Zaffar. What Black *alleged* was that Zaffar had a history of falsely accusing people of

assault. And in response to his belief that he was assaulted, Zaffar contacted the police. Nothing in the record, even read most favorably to Black, established that Zaffar had ever actually filed a *false* claim. More importantly, in the instant case, even if Zaffar's version of events was false, any causation for Black's damages attributable to Zaffar's actions ceased when, by Black's own admission, the Houston Police Department failed to determine the veracity of Zaffar's charges against Black.

Smith prays that Black's appeal be in all things denied, and that Smith have such other and further relief, at law or in equity to which it may show itself to be justly entitled.

Respectfully submitted,
LAW OFFICE OF TODD H. TINKER, PC
P.O. Box 802606
Dallas, Texas 75380
(214) 914-3760 (telephone)
(214) 853-4328 (facsimile)

By: _____
TODD H. TINKER
State Bar No. 20056150
TinkerLaw@TinkerLaw.com

ATTORNEY FOR APPELLEE/CROSS-APPELLANT

## CERTIFICATE OF SERVICE

This is to certify that on the 15th day of April, 2015, a true and correct copy of the above and foregoing has been served upon counsel of record via e-file and email as follows:

Via Email
Patrick G. Hubbard, Esq
phubbard@patrickhubbardlaw.com

_____
Todd H. Tinker


## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this Brief consists of 2947 words, including this Certificate.

_____
Todd H. Tinker