**AFFIRMED; Opinion Filed July 7, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00490-CV

**W. DAVID HOLLIDAY, Appellant**
**V.**
**GREG WEAVER AND WENDY WEAVER, Appellees**

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-07-07953-C**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Bridges, and Justice Evans
Opinion by Justice Evans

In this appeal, appellant W. David Holliday challenges a judgment rendered by the trial court following a remand by this Court for calculation of court costs and interest. *See Holliday v. Weaver*, 410 S.W.3d 439, 444 (Tex. App.—Dallas 2013, pet. denied). In four issues, Holliday contends the trial court erred in (1) "its response to the mandate," (2) awarding prejudgment interest, (3) "calculating prejudgment interest in compliance with the mandate," and (4) "failing to determine court costs in compliance with the mandate and refusing to reference either the mandate or the results of the appeal in the amended final judgment." We affirm the trial court's judgment.

# BACKGROUND

Greg and Wendy Weaver hired Holliday to represent them in connection with pursuing claims relating to a car accident. The Weavers later sued Holliday for settling an insurance claim without their knowledge or consent and converting the money to his personal use. Holliday eventually paid the Weavers the settlement money but deducted his fee and some medical expenses he paid on their behalf. Some of the expenses Holliday paid had already been paid by the Weavers. Following a nonjury trial, the trial court found that Holliday breached his fiduciary duty to the Weavers, committed professional negligence and fraud, violated the Texas Deceptive Trade Practices Act, and knowingly engaged in unconscionable conduct. The trial court further found that the appropriate remedy for Holliday's breach of fiduciary duty was "complete disgorgement of Holliday's fee including certain expenses" which totaled $10,786.84. With respect to the Weavers' other claims, the trial court found that Holliday's professional negligence, fraud, and violations of the DTPA each resulted in actual damages to the Weavers of $10,786.84. The Weavers elected to recover on their DTPA claims and were awarded additional damages as a result of Holliday's unconscionable conduct, plus attorney's fees.

In his first appeal, Weaver did not challenge the trial court's finding of breach of fiduciary duty, but argued there was no evidence to support the damages awarded under the DTPA. *Id*. at 443–44. This Court concluded there was no evidence in the record that Holliday's DTPA violations, as opposed to his breaches of fiduciary duty, were a producing cause of any pecuniary loss to the Weavers and reversed the trial court's judgment on that claim. *Id*. at 444. We then rendered judgment in favor of the Weavers in the amount of $10,786.84 on their claim for breach of fiduciary duty and remanded the case to the trial court "for the calculation of court costs and interest." *Id*.

On remand, Holliday filed a motion to enter an amended judgment in which he argued the fee forfeiture awarded to the Weavers was not a form of damages for which prejudgment interest could be granted. In response, the Weavers argued that prejudgment interest may be awarded as a matter of equity and was proper in cases where the attorney's fees awarded were part of the party's loss and general damages. The trial court signed an amended final judgment ordering that the Weavers recover $10,786.84 on their breach of fiduciary duty claim, $2,980.49 in prejudgment interest, and all court costs. This appeal by Holliday, representing himself pro se, followed.

## ANALYSIS

### A. Prejudgment Interest on Fee Forfeiture

Holliday's primary issue on appeal is that the trial court erred in awarding prejudgment interest on the fee forfeiture award. Interest is awarded as compensation for the loss of use of money. *See Carl J. Battaglia, M.D., P.A. v. Alexander*, 177 S.W.3d 893, 907 (Tex. 2005). It is intended to fully compensate the injured party, not to punish the defendant. *See Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 812 (Tex. 2006). An award of prejudgment interest may be based on either an enabling statute or general principles of equity. *See Johnson & Higgins of Tex. Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528, 530, 532 (Tex. 1998) (prejudgment interest not recoverable under statute was recoverable under common law and "equitable prejudgment interest shall be computed as simple interest" at post-judgment interest rate). It is undisputed that there is no statute authorizing an award of prejudgment interest on amounts recovered for breach of fiduciary duty. Where no statute controls, the decision to award prejudgment interest is left to the sound discretion of the trial court. *See Dernick Res., Inc. v. Wilstein*, 471 S.W.3d 468, 487 (Tex. App.—Houston [1st Dist.] 2015, pet. filed).

Holliday cites no authority for the proposition that prejudgment interest cannot be awarded in fee forfeiture cases and we have found none. Indeed, several courts have specifically permitted the recovery of prejudgment interest in cases where a defendant was ordered to forfeit fees based on a breach of fiduciary duty. *See id*. at 489; *Lee v. Lee*, 47 S.W.3d 767, 800 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).[1] Holliday relies on cases that state generally prejudgment interest is compensation for the lost use of money due "as damages." *See Kenneco Energy*, 962 S.W.2d at 528. Holliday contends that forfeited fees are not "damages" suffered by the plaintiff and, therefore, are not subject to an award of interest. Holliday's interpretation is unduly narrow and unsupported.

When addressing substantially the same argument in *Dernick Resources, Inc. v. Wilstein*, the court noted that "the supreme court has carefully distinguished those types of damages for which prejudgment interest is not available" and it has never prohibited awards of prejudgment interest on equitable remedies such as fee forfeiture. *Wilstein*, 471 S.W.3d at 488. Where there has been a clear and serious violation of a fiduciary duty, equity dictates not only that the fiduciary disgorge his fees, but also all benefit obtained from use of those fees. *Id*. Holliday paid himself fees out of settlement money he obtained without the knowledge or consent of his clients. These were fees to which he was not entitled and should not have collected. He also paid certain expenses of the Weavers in error without their consent. The Weavers lost the use of this money during the time period Holliday wrongfully refused to turn it over. Because the award of prejudgment interest in this case fits the purpose of such interest, which is to fully compensate the Weavers, we conclude the trial court did not abuse its discretion in granting the award. *See id*.

---

[1] Although *Lee* and *Wilstein* involve the forfeiture of trustee's fees rather than attorney's fees, the same guidelines for forfeiture of such fees apply. *See Wilstein*, 471 S.W.3d at 482 (applying attorney's fees forfeiture guidelines set forth in *Burrow v. Arce*, 997 S.W.2d 229 (Tex. 1999) to trustee fee forfeiture).

**B. Sufficiency Challenges and Compliance with the Mandate**

The remaining issues set out in Holliday's appellate brief all appear to challenge in some manner the trial court's compliance with the mandate on remand. For the most part, these issues were either not preserved for review, are inadequately briefed, or both. *See* TEX. R. APP. P. 33.1 & 38.1(h).[2]

Holliday first contends the trial court "took improper action on the Mandate by placing the burden for compliance on appellant on December 10, 2014, when the trial court sent appellant a Notice of Dismissal for Want of Prosecution." Holliday provides no argument, authority, or discussion beyond this one sentence allegation of error to show why the trial court's action was error or, if it was, how he was harmed. Bare assertions of error, without argument or authority, present nothing for us to review. *See Blanks v. Liberty Mut. Fire Ins. Co.*, 196 S.W.3d 451, 452 (Tex. App.—Dallas 2006, pet. denied).

Holliday next asserts the trial court erred in failing to conduct an evidentiary hearing on the issue of prejudgment interest "in conformity with the mandate," and awarding $2,980.49 with "no evidence of any methodology." Holliday contends the trial court "impermissibly" ordered disgorgement of the amount he paid to medical providers in addition to the amount he retained in attorney's fees and argues the prejudgment interest should have been calculated only on the fee amount.[3] Holliday failed to object to any of these alleged errors in the trial court and provides no argument or authority to support his assertion that it was error to use of the full amount of the judgment as the basis for prejudgment interest award. *See id*., *see also Larrumbide v. Doctors*

---

[2] These deficiencies were pointed out in the Weaver's response to Holliday's appellate brief. In his reply brief, Holliday argues he adequately briefed the issue of whether prejudgment interest may be awarded on forfeited fees and we have addressed that issue on the merits. As to the other issues, however, Holliday's reply merely restates substantially verbatim the arguments made in his original brief. We construe Holliday's arguments broadly to address the merits of his contentions where possible.

[3] Holliday appears to contest the amount of the judgment. The amount of the judgment was determined in the prior appeal and the issues on remand are specifically limited to the calculation of court costs and interest.

*Health Facilities*, 734 S.W.2d 685, 693 (Tex. App.—Dallas 1987, writ denied) (failure to raise challenge to prejudgment interest in trial court waived error on appeal).

To the extent Holliday has raised a "no evidence' challenge, such challenges may be made for the first time on appeal from a bench trial. *See* TEX. R. APP. P. 33.1(d); *Watts v. Oliver*, 396 S.W.3d 124, 132 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Holliday claims there is no evidence of the "methodology" used by the trial court in calculating the amount of prejudgment interest. The elements of which Holliday specifically claims there is no evidence are "the date upon which prejudgment interest began to accrue, the rate and total amount of prejudgment interest." There are only two dates upon which prejudgment interest may begin to accrue: the earlier of (1) 180 days after the date a defendant receives notice of a claim or (2) the date suit is filed. *See Kenneco Energy*, 962 S.W.2d at 531. The statutory minimum interest rate to be applied is 5% per year calculated as simple interest on the principle. *See id*. at 532 (prejudgment interest rate same as postjudgment rate); TEX. FIN. CODE ANN. § 304.003 (West 2006). The date this suit was filed is a matter set forth in the record. Holliday makes no argument, and the record does not show, that the amount of prejudgment interest awarded by the trial court exceeded the minimum amount allowed by law in this case.

Although it is unclear what is encompassed in Holliday's general contention that there is no evidence of the "methodology" used by the trial court in calculating the interest award, challenges to such things as application of the interest rate do not fall within the scope of a legal sufficiency challenge. *See Watts*, 396 S.W.3d at 133. Accordingly, Holliday failed to preserve this argument by not raising it in the trial court below. *Id*. We conclude that Holliday's "no evidence" challenge to the award of prejudgment interest is without merit.

In Holliday's challenge to the award of court costs he argues "there is no evidence that the trial court conducted an evidentiary hearing in conformity with the mandate to calculate the

amount of court costs," and "there is a complete absence of evidence in the record that the trial court considered any documentary evidence or sworn testimony to determine the amount of the Weavers' recoverable court costs, which the trial court was ordered to do in the mandate." There is nothing in the mandate ordering the trial court to either conduct an evidentiary hearing or otherwise receive evidence on the matter of court costs. Furthermore, the rules do not require a successful party in a lawsuit to submit an accounting of court costs to the trial court before entry of a judgment adjudicating costs. *See Madison v. Williamson*, 241 S.W.3d 145, 158 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). The successful party is required only to submit a record of its court costs to the court clerk so that the clerk can perform the ministerial duty of taxing costs in accordance with the Texas Rules of Civil Procedure. *Id.* Holliday makes no argument that this was not done. To challenge the taxation of any specific costs, a party must file a motion to re-tax costs in the trial court. *Id.* at n. 3.

Finally, Holliday contends the trial court erred in failing to reference the mandate or the previous appeal in the amended final judgment. Holliday provides no argument or authority to support this contention or how he was harmed. Again, bare assertions of error, without argument or authority, provide nothing for us to review. *See Blanks*, 196 S.W.3d at 452.

## CONCLUSION

Based on the foregoing, we resolve Holliday's issues against him. We affirm the trial court's judgment.

150490F.P05

/David Evans/
DAVID EVANS
JUSTICE

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

W. DAVID HOLLIDAY, Appellant

No. 05-15-00490-CV     V.

GREG WEAVER AND WENDY
WEAVER, Appellees

On Appeal from the County Court at Law
No. 3, Dallas County, Texas
Trial Court Cause No. CC-07-07953-C.
Opinion delivered by Justice Evans. Chief
Justice Wright and Justice Bridges
participating.

      In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

      It is **ORDERED** that appellees GREG WEAVER AND WENDY WEAVER recover
their costs of this appeal and the full amount of the trial court's judgment from appellant W.
DAVID HOLLIDAY and from the cash deposit in lieu of cost bond. After all costs have been
paid, the clerk of the County court is directed to release the balance, if any, of the cash deposit to
W. David Holliday.

Judgment entered this 7th day of July, 2016.